# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

CAROL CARREON,                          §
                                        §
        Plaintiff,                      §
                                        §
v.                                      §        C.A. No. 7:20-cv-00004
                                        §
COLONIAL LIFE,                          §
                                        §
        Defendant.                      §

## INDEX OF STATE COURT FILED DOCUMENTS

                                                    **Date Received/Filed**

1.   Docket Sheet from the County Court at Law No. 7 of          n/a
     Hidalgo County, Texas

2.   Plaintiff's Original Petition                             12/11/19

3.   Citation issued to Colonial Life                          12/12/19

4.   Citation issued to Colonial Life                          12/12/19

5.   Return of Service                                         12/17/19

6.   Defendant's Original Answer                                1/6/20

Respectfully submitted,


By:  /s/ Dennis M. Lynch
           Dennis M. Lynch
           State Bar No. 90001506
           S.D. No. 23163
           dennis.lynch@figdav.com
           Attorney-in-Charge

           Of Counsel:
           Cameron E. Jean
           State Bar No. 24097883
           S.D. No. 3121462
           cameron.jean@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via certified mail, return receipt requested, to Ms. Diana Fuentes Aguilar, 505 S. Texas Boulevard, Weslaco, Texas 78596, on this the 10th day of January, 2020.


           /s/ Dennis M. Lynch
           Dennis M. Lynch

1

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts    Images

# REGISTER OF ACTIONS
## CASE No. CL-19-6540-G

| | |
|---|---|
| **CAROL CARREON VS. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY VIA REGISTERED AGENT** §<br>§<br>§<br>§<br>§ | Case Type: **Contract - Consumer/Commercial/Debt (OCA)**<br>Date Filed: **12/11/2019**<br>Location: **County Court at Law #7** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **COLONIAL LIFE & ACCIDENT INSURANCE COMPANY VIA REGISTERED AGENT** | **DENNIS M LYNCH**<br>*Retained*<br>214-939-2000(W) |
| **Plaintiff** | **CARREON, CAROL** | **DIANA FUENTES AGUILAR**<br>*Retained*<br>956-975-2550(W) |

---

### EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 12/11/2019 | Original Petition (OCA)<br>*PLAINTIFF'S ORIGINAL PETITION* |
| 12/12/2019 | Citation Issued<br>*COLONIAL LIFE & ACCIDENT 42029201921489010661 54000145824734* |
| 12/17/2019 | Service Returned - Served |
| 01/06/2020 | Answer<br>*Defendant's Original Answer* |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** CARREON, CAROL | | |
| | Total Financial Assessment | | 371.00 |
| | Total Payments and Credits | | 371.00 |
| | **Balance Due as of 01/07/2020** | | **0.00** |
| 12/11/2019 | Transaction Assessment | | 371.00 |
| 12/11/2019 | EFile Payments from TexFile | Receipt # 2019-053786    CARREON, CAROL | (371.00) |

2

Electronically Submitted
12/11/2019 11:41 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

NO. _____

CL-19-6540-G

| | | |
|---|---|---|
| **CAROL CARREON**<br>**Plaintiff,** | § <br> § <br> § | IN THE COUNTY COURT AT LAW |
| **V.** | § <br> § | NO. _____ |
| **COLONIAL LIFE**<br>**Defendant.** | § <br> § <br> § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Carol Carreon, hereinafter called Plaintiff, complaining of and about COLONIAL LIFE, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, Carol Carreon, is an Individual whose address is 873 S. Quail Hollow, Weslaco, Texas 78596.

3.    The last three numbers of Carol Carreon's driver's license number are 155. The last three numbers of Carol Carreon's social security number are 250.

4.    Defendant COLONIAL LIFE, is a business that does business in Texas and may be served via its registered agent as follows:   Colonial Life & Accident Insurance Company Via Registered Agent - Corporation Service Company, 1703 Laurel St., Columbia, South Carolina 29201. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

Electronically Submitted
12/11/2019 11:41 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-6540-G

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Plaintiff seeks:

a.      only monetary relief of $300,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

7.      This court has jurisdiction herein because Defendant does business in Texas and the contract made the basis of this litigation was signed in Texas.

8.      Venue in Hidalgo County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.035(a) of the Texas Civil Practice and Remedies Code because this lawsuit involves a written contract signed in Hidalgo County, Texas.

## FACTS

9.      Gilberto Carreon, husband to plaintiff, died on December 12, 2017. At the time of his death Gilberto Carreon had a life insurance policy through Colonial Life Insurance. Upon his death, Carol Carreon, made a claim for the life insurance as she was the listed beneficiary. Colonial Life Insurance denied the claim based on an unreasonable, unconscionable, mistaken, fraudulent or unethical basis.

## DECEPTIVE TRADE PRACTICES

10.     Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

11.     Unconscionable Action or Course of Action. Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by

Electronically Submitted
12/11/2019 11:41 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-6540-G

Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

12.    <u>Unfair Claim Settlement Practices</u>.  Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

(a)    misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(b)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

(c)    failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(d)    failing within a reasonable time to:

(1)    affirm or deny coverage of a claim to a policyholder; or

(2)    submit a reservation of rights to a policyholder; and

(e)    refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

13.    <u>Misrepresentation of Insurance Policy</u>.  Defendant misrepresented an insurance policy as prohibited by Section 541.061 of the Texas Insurance Code, to wit:

(a)    making an untrue statement of material fact;

(b)    failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(c)    making a statement in a manner that would mislead a reasonably prudent

Electronically Submitted
12/11/2019 11:41 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-6540-G

person to a false conclusion of material fact;

(d)     making a material misstatement of law; and

(e)     failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

14.     <u>Unfair and Deceptive Acts or Practices</u>.  Defendant also engaged in unfair and deceptive acts or practices prohibited by Subchapter B, Chapter 541, Texas Insurance Code, to wit:

(a)     either:

(1)     making, issuing, or circulating, or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

(A)     the terms of the policy;

(B)     the benefits or advantages promised by the policy; or

(C)     the dividends or share of surplus to be received on the policy;

(2)     making a false or misleading statement regarding the dividends or share of surplus previously paid on a similar policy;

(3)     making a misleading representation or misrepresentation regarding:

(A)     the financial condition of an insurer; or

(B)     the legal reserve system on which a life insurer operates;

(4)     using a name or title of a policy or class of policies that

Electronically Submitted
12/11/2019 11:41 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-6540-G

misrepresents the true nature of the policy or class of policies; or

(5)     making a misrepresentation to a policyholder insured by any

insurer for the purpose of inducing or that tends to induce the policyholder to

allow an existing policy to lapse or to forfeit or surrender the policy;

(b)     making, publishing, disseminating, circulating, or placing before the

public or directly or indirectly causing to be made, published, disseminated, circulated, or

placed before the public in a newspaper, magazine, or other publication, or in the form of

a notice, circular, pamphlet, letter, or poster, or over any radio or television station, or in

any other manner an advertisement, announcement, or statement containing an untrue,

deceptive, or misleading assertion, representation, or statement regarding the business of

insurance or a person in the conduct of the person's insurance business; and

(c)     making or permitting with respect to a life insurance or life annuity

contract an unfair discrimination between individuals of the same class and equal life

expectancy regarding:

(1)     the rates charged;

(2)     the dividends or other benefits payable; or

(3)     any of the other terms and conditions of the contract.

15.     Producing Cause.  Plaintiff would show that the acts, practices and/or omissions

complained of were the producing cause of Plaintiff's damages more fully described

hereinbelow.

16.     Reliance.  Plaintiff would further show the acts, practices and/or omissions

complained of under Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to

Plaintiff's detriment.

Electronically Submitted
12/11/2019 11:41 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-6540-G

17.    <u>Written Notice Given</u>.  Plaintiff has timely notified Defendant of such complaint

pursuant to Section 17.505(a) of the Texas Business and Commerce Code and Section 541.154

of the Texas Insurance Code by letter dated December 11, 2019, and would show compliance

with all conditions precedent to the filing of this suit and recovery of additional damages and

attorney's fees.

## COMMON LAW FRAUD

18.    Plaintiff further shows that Defendant made material false representations to

Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the

intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these

representations to her detriment.

19.    Plaintiff would further show that Defendant concealed or failed to disclose

material facts within the knowledge of Defendant, that Defendant knew that Plaintiff did not

have knowledge of the same and did not have equal opportunity to discover the truth, and that

Defendant intended to induce Plaintiff to enter into the transaction made the basis of this suit by

such concealment or failure to disclose.

20.    As a proximate result of such fraud, Plaintiff sustained the damages described

more fully hereinbelow.

## BREACH OF CONTRACT

21.    Plaintiff would further show that the actions and/or omissions of Defendant

described hereinabove constitute breach of contract, which proximately caused the direct and

consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## ECONOMIC AND ACTUAL DAMAGES

22.    Plaintiff sustained the following economic and actual damages as a result of the

Electronically Submitted
12/11/2019 11:41 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-6540-G

actions and/or omissions of Defendant described hereinabove:

    (a)    Loss of use
    (b)    Financial Hardship

## OTHER DAMAGES

23.    Plaintiff would further show that acts and/or omissions of Defendant complained of herein were a producing cause and a proximate cause of the following damages sustained by Plaintiff:

    (a)    Emotional distress and mental distress.

## DAMAGES FOR MENTAL ANGUISH

24.    Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

25.    As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

26.    As alleged hereinabove, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

27.    Therefore, Plaintiff is entitled to recover multiple damages as provided by

Electronically Submitted
12/11/2019 11:41 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-6540-G

17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

28.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

29.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 541.152(a)(1) of the Texas Insurance Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Carol Carreon, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Electronically Submitted
12/11/2019 11:41 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-6540-G

Respectfully submitted,

By: _____
Diana Fuentes Aguilar
Texas Bar No. 24044072
Email: diana@dfalawtx.com
505 S. Texas Blvd.
Weslaco, TX 78596
Tel. (956) 975-2550
Attorney for Plaintiff
Carol Carreon

3

CAUSE NO. CL-19-6540-G

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:    COLONIAL LIFE & ACCIDENT INSURANCE COMPANY
       VIA REGISTERED AGENT: CORPORATION SERVICE COMPANY
       1703 LAUREL ST
       COLUMBIA, SC  29201

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #7 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 11th day of December, 2019 in this Cause Numbered CL-19-6540-G on the docket of said Court, and styled,

**CAROL CARREON**
vs.
**COLONIAL LIFE & ACCIDENT INSURANCE COMPANY VIA REGISTERED AGENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
    DIANA FUENTES AGUILAR
    505 S TEXAS BLVD
    WESLACO TX  78596

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 12th day of December, 2019.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #7

BY _____ DEPUTY
ESTER C. ESPINOZA

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
     Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

     Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

     NAME _____ DATE _____ TIME _____ PLACE _____


By: _____     By: _____
     **CIVIL PROCESS SERVER**          **DEPUTY SHERIFF/CONSTABLE**

**DEFENDANT NOT SERVED**
     Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

     NAME _____ DATE _____ TIME _____ PLACE _____

     NAME _____ DATE _____ TIME _____ PLACE _____

     NAME _____ DATE _____ TIME _____ PLACE _____


By; _____     By: _____
     **CIVIL PROCESS SERVER**          **DEPUTY SHERIFF/CONSTABLE**

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**
In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ___ day of _____, 20____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

4



ARTURO GUAJARDO JR
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058



9214 8901 0661 5400 0145 8247 34

**RETURN RECEIPT (ELECTRONIC)**

CL-19-6540-G

COLONIAL LIFE & ACCIDENT INSURANCE COMPANY
VIA REGISTERED AGENT CORPORATION SERVICE
COMPANY
1703 LAUREL ST
**COLUMBIA, SC  29201-2660**

---------------------------------------------------------------------------------

CUT / FOLD HERE                                                    Zone 6

---------------------------------------------------------------------------------

6"X9" ENVELOPE
CUT / FOLD HERE

---------------------------------------------------------------------------------

CUT / FOLD HERE

IMpbCertified8x5Label v1.2.10.0

5

# HIDALGO COUNTY CLERKS

**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 12/18/2019

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 0661 5400 0145 8247 34. Our records indicate that this item was delivered on 12/17/2019 at 01:14 p.m. in COLUMBIA, SC 29201. The scanned image of the recipient information is provided below.

Signature of Recipient :
(Authorized Agent)

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000145824734
CL-19-6540-G
COLONIAL LIFE & ACCIDENT INSURANCE COMPANY
Via Registered Agent Corporation Service Company
1703 Laurel St
Columbia, SC  29201-2660

6

Electronically Submit
1/6/2020 8:25
Hidalgo County Cl
Accepted by: Ester Espinc

CAUSE NO. CL-19-6540-G

| | | |
|---|---|---|
| CAROL CARREON, | § | IN THE COUNTY COURT AT |
| | § | LAW |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 7 |
| | § | |
| COLONIAL LIFE, | § | |
| | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Colonial Life and Accident Insurance Company, improperly and erroneously named Colonial Life, ("Defendant") submits this original answer to Plaintiff's Original Petition (the "Petition") and states:

## GENERAL DENIAL

Subject to such admissions and stipulations as may be made at the time of any trial or hearing in this cause, Defendant denies generally and specially the material allegations contained in the Petition, and any amendments or supplements thereto, and demands strict proof thereof in accordance with the requirements of the laws of Texas.

## RELIEF REQUESTED

Defendant respectfully requests the following relief:

a.    that Plaintiff take nothing by reason of her suit;

b.    that Plaintiff's claims be dismissed with prejudice and Defendant recover its costs of court; and

c.    that Defendant have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Electronically Submit
1/6/2020 8:25
Hidalgo County Cl
Accepted by: Ester Espino

Respectfully submitted,

By: /s/ Dennis M. Lynch
   Dennis M. Lynch
   State Bar No. 90001506
   dennis.lynch@figdav.com
   Cameron E. Jean
   State Bar No. 24097883
   cameron.jean@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via efile.txcourts.gov on the following:  Ms. Diana Fuentes Aguilar, 505 S. Texas Blvd, Weslaco, Texas 78596, on this the 6th day of January, 2020.

/s/ Dennis M. Lynch
Dennis M. Lynch